UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————————X
JOSEPH RIINA

                              Plaintiff,

                                               COMPLAINT

—Against—                          JURY TRIAL
                                               DEMANDED


WESTCHESTER MODULAR HOMES

                              Defendant.
——————————————————————————————X

JOSEPH RIINA, by the Law Offices of Ambrose Wotorson, alleges as follows:

I.    <u>INTRODUCTION</u>

1. Joseph Riina, whom at all relevant times, served in the position of supervisor/site manager for Westchester Modular Homes, was subjected to FMLA interference, FMLA retaliation and disability discrimination.

2. Joseph Riina was also subjected to termination on or December 20, 2019.

3. It is beyond dispute that Joseph Riina was satisfactorily performing, on a full-time basis at the time of the termination.

4. Joseph Riina is now unemployed, despite his best efforts to find comparable work.

## II. PARTIES

5. Joseph Riina, at all relevant times, served in the position of supervisor/site manager for Westchester Modular Homes. Joseph Riina resides in area County, New York.

6. Westchester Modular Homes is a located in area County, New York, and it is incorporated in the State of New York. It may sue be sued, and at all relevant times, it employed Joseph Riina in the position of supervisor/site manager. Westchester Modular Homes' corporate headquarters is located at 1995 Route 22, Brewster, New York 10509.

## III. JURISDICTION

7. This Court has jurisdiction over this matter under 29 U.S.C. § 2615(a)(1) and (a)(2). Venue is proper because the acts complained of occurred in this judicial district.

## IV. FACTUAL AVERMENTS

8. Joseph Riina re-alleges all of the prior paragraphs above, as if fully-stated.

9. Joseph Riina was hired as a supervisor/site manager in or about April 2015.

10. Joseph Riina's performance has been fully satisfactory at all relevant times.

11. Joseph Riina served as a supervisor/site manager for Westchester Modular Homes from April 2015 until his termination, five days before Christmas, on December 20, 2019.

12. Riina had performed in excess of 1250 hours of labor for Westchester Modular Homes in the preceding 12 months at the time of his approved FMLA leave of absence.

13. Riina was terminated on December 20, 2019, less than 30 days after his approved FMLA leave of absence had ended.

### *Injury and leave*

14. On or about September 10, 2019, Joseph Riina, supervisor/site manager, sustained a disabling injury while working for defendant, Westchester Modular Homes.

15. Indeed, the disabling injury caused three vertebrae breaks in his back and tears to ligaments in his right arm, causing weakness and pain.

16. The disabling injury impacted one or more of his major life functions, including lifting.

17. Joseph Riina went out on a leave of absence the very next day.

18. On October 11, 2019, Westchester Modular Homes placed him on leave under the Family Medical Leave Act (hereinafter, "FMLA"), but applied his 12 weeks' worth of guaranteed leave, retroactively to 12/11/19 when he first went out because of the injury.

19. Moreover, Westchester Modular Homes required him use his sick leave and FMLA concurrently.

### *Light Duty Accommodation Request*

20. On October 22, 2019, Joseph Riina's physicians cleared him to return to work on light duty, defined as Riina's not lifting more than 10 lbs. while at work.

21. Yet, two days later, on or about October 24, 2018, Westchester Modular Homes wrote to Riina, and told him that it would not accept him back at work because his supervisor's job required that he be able to lift more than 75 - 100 lbs. while at work.

22. On the same day, Westchester Modular Homes supplied to Riina, for the first time ever in his employment with Westchester Modular Homes, a purported "job description" that contained a requirement that he be able to lift 75 - 100 lbs. as a part of his everyday job responsibilities.

23. Nowhere, in its October 24, 2019 letter did Westchester Modular Homes state or suggest that it had taken, or would take, any investigation to determine if Riina's supervisor's job could be done without his having to lift more than 10 or more lbs., or his having to perform any of the other "responsibilities" on the purported job description that had never previously been given with him.

24. Riina had never seen this job description at prior time during his employment with Westchester Modular Homes, nor had he been orally told of these requirements.

25. Critically, as a supervisor, Riina very rarely was obliged to lift 10 or more lbs., especially when workers whom he supervised frequently did so.

26. Thus, by October 22, 2019, Joseph Riina was cleared to return to work, and he was prepared to do so.

27. However, Westchester Modular Homes stopped him from returning to work upon the pretextual basis that he would not be able to lift 75 – 100 lbs. or more pounds, and made no effort to establish that this lifting requirement was actually a core requirement of Riina's supervisor's job, or if light duty work, without him having to lift 10 or more lbs., was possible without imposing an undue hardship upon the company.

28. Riina's physicians continued to require that he not lift 10 or more lbs. as part of a proposed reasonable accommodation of "light duty."

29. By November 22, 2019, however, Riina's physicians recommended that he have surgery, but continued to note that he could return to work with a light duty restriction of not having to lift 10 lbs. or more.

30. On the same day, Westchester Modular Homes wrote to Joseph Riina advising him that it needed to know his medical status by December 4, 2019,

because his FMLA was due to run out on that date, and it needed to know if extended leave as a reasonable accommodation would be necessary.

31. In fact, Westchester Modular Homes was engaged in a sleight of hand because Riina and his physicians had already explicitly stated on October 22, 2019, that he was able to return to work with light duty of not having to lift 10 lbs. or more, but Westchester Modular Homes quickly rejected that request without a good faith interactive process, or an investigation into whether or not such light duty was possible.

32. On December 3, 2019, a day before Westchester Modular Homes' deadline, Riina's physicians once again reiterated his need for a light duty reasonable accommodation in which he would not be required lift 10 or more lbs.

33. In a December 3, 2019 progress note, one of Riina's physicians explicitly wrote that Riina had been released to return to work with light duty, but that they could not properly release Riina to return to work because Westchester Modular Homes was taking the position that it had no "light duty" since Riina could not 75 – 100 lbs. *without* any indication that it had even undertaken any investigation on whether or not the purported 75 – 100 lbs. lifting requirement could be waived as a job requirement without an undue hardship.

34. Later still, on December 5, 2019 and December 13, 2019, in a letter of medical necessity and in a medical clearance note, Riina's physicians reaffirmed that he could go back to work on light duty if he was not required to lift 10 lbs. or more, and that in any event, his impeding surgery would necessitate another 3 months off since he would still not be able to lift 10 or more lbs.

### *Termination*

35. On December 20, 2019, Westchester Modular Homes terminated Joseph Riina, and once again, gave an explanation that amounted to a sleight of hand.

36. In justifying Riina's termination, Westchester Modular Homes made no mention of the fact that Riina had been cleared to return to work as early as October 22, 2019, and that his physicians had continued to so assert up and until his termination.

37. Instead, Westchester Modular Homes focused, pretextually, on the fact that his physicians had indicated that he would require additional leave of three months due to an impending surgery. Westchester Modular Homes conveniently ignored the fact that the extended leave, post-surgery, would be required only because Westchester Modular Homes would *not* allow Riina to return with an accommodation of not having to life 10 or more lbs.

38. Joseph Riina would have been able to perform his supervisory/site management functions with a reasonable accommodation of light duty of not having to lift 10 or more lbs. each day.

39. Indeed, as a supervisor of others, Riina simply was not required to do any lifting of 10 lbs. or more each day.

40. Lifting 10 lbs. or more per day simply was *not* a core function of his supervisor's job, and in any event, Riina had never been put Riina on notice that lifting 75 – 100 lbs. was a requirement of his supervisor's job any time before Westchester Modular Homes belatedly supplied to him a purported job description to him on or about October 22, 2019, after he had been rendered impaired due to his September 10, 2019 on-the-job injury.

41. Critically, there is no evidence that Westchester Modular Homes engaged in any interactive process to determine if lifting 10 lbs. or more each day was, or was not, a core function of his job, or if a reasonable accommodation of light duty – waiving the 10lbs. or more lifting requirement -- was possible without an undue hardship.

42. Westchester Modular Homes *did not* engage in any interactive process with Riina or with his physician to determine if any accommodation, other than light duty, was available; to determine how long the light duty would be

necessary; and if the 75 -100 lbs. or more lifting requirement could be waived without an undue hardship.

43. Instead, Westchester Modular Homes terminated Riina five days before Christmas.

44. On October 22, 2019, Westchester Modular Homes Riina came up with a job requirement that allegedly obliged him to be able to lift 75 - 100 lbs. or more while at work.

45. Riina had no prior notice of this 75 – 100 lbs. lifting requirement, and the job purported job description had never been given to him.

46. There is no record evidence that Westchester Modular Homes communicated to Riina or his physicians that waiving this 75 – 100 lbs. lifting requirement, for a supervisor, would impose an undue hardship upon the company.

47. Moreover, at no point did Westchester Modular Homes state or offer proof that it would suffer an undue hardship in granting Riina an accommodation of light duty.

48. Instead, Westchester Modular Homes simply fired Riina without determining if assigning him to light duty – defined as not having to lift 10lbs or more each day – or if a range of other positions that did not require

lifting 10 lbs. or more each day, was possible, or if it would be an undue hardship to give him any such accommodation.

49. As a result of Westchester Modular Homes' acts and omissions, Joseph Riina has lost a yearly salary and health insurance benefits.

50. Joseph Riina has suffered humiliation and anguish as a proximate result of Westchester Modular Homes' acts and omissions.

51. Joseph Riina's good name and reputation has been damaged as a proximate result of Westchester Modular Homes' acts and omissions.

52. Joseph Riina, who is 53 years of age, has a not been able to find comparable work, despite his good faith efforts.

53. Westchester Modular Homes' acts which were willful, were malicious and were in reckless indifference to Joseph Riina's rights, entitling him to liquidated and/or punitive damages, where available.

V. <u>CAUSE OF ACTION</u>

<u>FIRST CAUSE OF ACTION</u> - FMLA Interference - 29 U.S.C. § 2615(a)(1)

54. Joseph Riina re-alleges all of the prior paragraphs above, as if fully stated.

55. Westchester Modular Homes, by willfully changing the terms and conditions of Plaintiff's employment after his proposed return from an approved leave of absence under the FMLA, defendant, by forcing Plaintiff to take his FMLA leave concurrent with his sick leave and then, by terminating

Plaintiff, less than 30 days after his FMLA Leave of absence, violated 29 U.S.C. § 2615(a)(1).

    SECOND CAUSE OF ACTION - FMLA Retaliation - 29 U.S.C. § 2615(a)(2)

56. Joseph Riina re-alleges all of the prior paragraphs above, as if fully stated.

57. Westchester Modular Homes, by retaliating against Plaintiff as evidenced by changing the terms and conditions of his employment, and then terminating him, all because he took an FMLA leave of absence, willfully violated 29 U.S.C. § 2615(a)(2)

    THIRD CAUSE OF ACTION - Disability Discrimination - Section 296 - New York Human Rights Law

58. Joseph Riina re-alleges all of the prior paragraphs above, as if fully stated.

59. Defendant, Westchester Modular Homes, by failing to engage in an interactive process with Plaintiff, refusing to grant Plaintiff a reasonable accommodation of light duty defined as not having to lift 10 or more lbs., without establishing that to do so would impose an undue upon defendant, and then terminating Plaintiff specifically because of his disability, violated Section 296 of the New York Human Rights Law.

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

    a. An impaneled jury;

b. An award of damages for humiliation, mental pain and suffering associated with Plaintiff's false arrest, false imprisonments, malicious prosecution and stigmatization.

c. The costs of this action and Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 21, 2020

Respectfully Submitted

_____x
Ambrose W. Wotorson, Jr., Esq.
Law Offices of Ambrose Wotorson
225 Broadway, 41st Floor
New York, New York 10007
212-884-5985
Loaww1650@aol.com